IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HENRY JONES, # 28907037      *

Petitioner      *    Civil Action No. WDQ-12-2186
                                             Related Criminal Action No. WDQ-92-0301
v.      *

UNITED STATES OF AMERICA      *

Respondent      *
                                            ***

## MEMORANDUM

Pending is self-represented Petitioner Henry Jones' ("Jones") Motion brought pursuant to 28 U.S.C. § 2241, and titled a "Motion to Reopen."

## BACKGROUND

Jones was convicted of conspiring to distribute and possess with the intent to distribute heroin and fentanyl and sentenced to life imprisonment. His conviction and sentence were affirmed on appeal in *United States v. Ortiz*, 52 F.3d 323 (table), 1995 WL 234276 (4th Cir. Apr. 21, 1995). This Court denied Jones' Motion to Vacate under 28 U.S.C. §2255 on the merits. *See Jones v. United States*, Civil Action No. WDQ-97-1103 (D. Md). The Fourth Circuit denied Jones' subsequent request for a certificate of appealability and dismissed his appeal. *See United States. v. Ortiz*, 122 F.3d 1064 (table), 1997 WL 576478 (4th Cir. Sept. 17, 1997).

Jones now asks the Court to reopen his criminal case and conduct an evidentiary hearing in light of *United States v. Simmons*, 635 F.3d 140 (4th Cir. 2011) ("*Simmons I*"), which was abrogated by *United States v. Simmons*, 649 F. 3d 237 (4th Cir. 2011) ("*Simmons II*"). Relying on *Simmons I*, Jones claims his sentence was improperly enhanced under 21 U.S.C. § 851 because the predicate felonies "do not . . . trigger[] . . . 21 U.S.C. § 851." ECF No. 643 at 2.

Thus, he reasons that he is "innocent of the charge[d] offense." *Id.* [1] Further, he asserts that because he is innocent, he may proceed in the action under 22 U.S.C. § 2241 following the reasoning set forth in *United State v. Archer*, 531 F. 3d 1347 (11th Cir. 2008).[2]

## DISCUSSION

As a threshold matter, the Court must consider whether it can exercise jurisdiction over this case. Where, as here, a federal prisoner is challenging the legality of his conviction or sentence, he must proceed pursuant to 28 U.S.C. § 2255 (Motion to Vacate, Set Aside or Correct Sentence). *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). If § 2255 is inadequate or ineffective to test the legality of the detention, the prisoner "may file a petition for a writ of habeas corpus in the district of confinement pursuant to § 2241." *Id.* at 333. Section 2255 is inadequate or ineffective only in the "rare situation" when an intervening change in law makes the crime for which the petitioner was convicted "non-criminal." *Okereke v. United States*, 307 F.3d 117, 120 (2002).[3] "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*).

---

[1] Although this Court does not reach the merits of Jones' claims, it bears noting that his reliance on *Simmons I* or *II* is misplaced. The Fourth Circuit has not held that *Simmons II* is retroactive nor has the Supreme Court held that *Carachuri-Rosendo v.Holder*, 130 S. Ct. 2577 (2010), the case on which the holding in *Simmons* is based, is retroactive to cases on collateral review. *Battle v. United States*, No. 04-cr-0179, 2012 WL 1067943, *2 n.1 (S.D.W. Va. Mar. 29, 2012).

[2] *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008) is neither binding precedent in this Circuit nor supports Jones' assertion that he is entitled to present his claims by way of 28 U.S.C. § 2241.

[3] Section 2255 is inadequate and ineffective to challenge the legality of a sentence only when "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

Jones does not contend that § 2255 is inadequate or ineffective. Even if he had, he would not be entitled to the relief he wants under § 2241.[4] The crimes for which Jones was convicted remain criminal offenses and the Petition has not satisfied the criteria set forth in *Jones*. Further, Jones is challenging only his sentence, not his underlying conviction. The Fourth Circuit "has . . . not extended the reach of the savings clause to those petitioners challenging only their sentences." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).[5] Because the Fourth Circuit has not extended the savings clause to such claims, Jones cannot establish that the Motion is properly filed under § 2241.

Jones previously filed a § 2255 petition which was denied. To the extent Jones intends to raise his claims by way of a § 2255 motion, he must first obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 petition.[6] A § 2241 habeas petition is not available to circumvent the statutory limitations imposed on second or successive §2255 motions. *See Jones*, 226 F.3d at 333; *Vial*, 115 F.3d at 1194 n.5. As Jones does not indicate whether he has complied with the procedural requirements for a successive motion, the Court will dismiss this case without prejudice.

## CERTIFICATE OF APPEALABILITY

The court declines to issue a Certificate of Appealability (COA). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28

---

[4] Section 2241 petitions are generally reserved for challenges to the execution of the sentence. 28 U.S.C. § 2255(e); *see also In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*).

[5] The Fourth Circuit more recently declined in an unpublished decision to extend the savings clause to a petitioner who claimed he was actually innocent of his sentence enhancement, as opposed to arguing his underlying conviction was invalid, explaining that its "cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction" because of a change in the law of conviction. *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (relying on *Jones* and *Poole*).

[6] The Clerk will send Jones an information packet for requesting authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 petition in federal district court.

U.S.C. § 2253(c)(2). Where, as here, a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Jones has failed to satisfy this standard and a Certificate of Appealabity will not issue. Denial of a Certificate of Appealability does not prevent a petitioner from seeking permission to file a successive petition, or pursuing his claims after obtaining such permission.

## CONCLUSION

The Court finds the claims presented are not properly raised pursuant to 28 U.S.C. § 2241 and the Motion shall be dismissed without prejudice. A separate Order consistent with this Memorandum follows.

7/25/12
Date

William D. Quarles, Jr.
United States District Judge